Nicholas V. LAMPSON, et al., Appellants,

v.

CITY OF BEAUMONT, Appellee.

No. 09–84–324–CV.

Court of Appeals of Texas, Beaumont.

Feb. 21, 1985.

Tanner T. Hunt, Jr., Lavon Jones, Beaumont, Michael Baker, Thad Heartfield, Beaumont, for appellants.

Lane Nichols, City Atty., Beaumont, Kenneth Wall, Houston, for appellee.

## OPINION

BROOKSHIRE, Justice.

This appeal involves the construction of the "Texas Tax Increment Financing Act of 1981", *TEX.REV.CIV.STAT.ANN. Art. 1066e* (Vernon Pamph.Supp.1985) (hereinafter the Act of 1981). Appellee filed a petition for a declaratory judgment against several taxing agencies. Appellee sought a judicial determination as to whether the "tax increment base" for the reinvestment zone was to be figured on the "total appraised value of all taxable real property" for the year of 1982 or for the year of 1983. The original petition was brought pursuant to Texas Uniform Declaratory Judgments Act, *TEX.REV.CIV.STAT.ANN. Art. 2524–1* (Vernon 1965) showing that Beaumont is a home rule city. The trial court declared that the 1982 values were to be used as the "tax increment base". We agree.

Appellants have perfected an appeal to this court on the sole point that *the Act of 1981 itself required* that the *values for 1983* be employed rather than the values of 1982. Appellants and Appellee agree that there is no issue of fact and that this appeal involves only the construction of the Act of 1981.

*Sec. 2(8)* of the Act of 1981 declares, in part:

" 'Tax increment base' means the total appraised value of all taxable real property in a reinvestment zone *for the year in which the zone was designated* a reinvestment zone as provided by this Act...." (Emphasis added)

Appellants argue that the phrase "as provided by this Act", in *Sec. 2(8)*, refers to and is modified by *Sec. 3(a)* which provides in part:

"The incorporated city or town must adopt an ordinance in order to designate an area a reinvestment zone for tax increment financing."

We disagree with Appellants' contention. We hold that the phrase "as provided by this Act" refers to the method or means, not the time or year, of designation of a zone.

The provisions of the Act of 1981 must be construed in a harmonious and consistent manner. *Sec. 4(e)* provides:

"Prior to adoption of an ordinance providing for a reinvestment zone for tax increment financing a city or town must hold a public hearing on the adoption of the zone and its benefits to the city or town and to property in the zone. At the

hearing interested parties may speak for or against the creation, *the boundaries of the reinvestment zone,* and the concept of tax increment financing. Notice of the hearing must be published in a newspaper having general circulation in the city or town not later than seven days before the date of the hearing." (Emphasis added)

*Sec. 4(g)(3)* reads:

The ordinance must:

"provide that *the zone takes effect on January 1 of the year following the year in which the zone is approved* by adoption of the ordinance and provide a date for termination of the zone...." (Emphasis added)

*Sec. 8(a),* in pertinent part, provides:

"These plans must be as consistent as possible with the preliminary plans developed for the zone *prior to the creation of the board."* (Emphasis added)

■ On *December 7, 1982,* Appellee adopted an ordinance to designate a "tax increment base" consistent with the Act of 1981. Resulting tax increment fund money was to be raised from the designated tax increment base and disbursed to defray the cost of certain public improvements planned for construction in Reinvestment Zone Number One of the City of Beaumont. Since the tax increment base was designated in 1982 pursuant to *Sec. 2(8),* the 1982 values are the correct ones encompassing "the total appraised value of all taxable real property in a reinvestment zone for the year in which the zone was designated ..."

Appellee argues that the legislative history of the Act of 1981 supports its contention. Appellee points out that the 1977 Act defined "tax increment base" as "the aggregate market value of all taxable property within a redevelopment district on the date such district was designated by the governing body." The 1977 Act was to be effective only if and when a constitutional amendment was adopted but that constitutional amendment was defeated by the voters of this State.

Appellee argues that the 1979 Act changed the definition of tax increment base to read "the total assessed value of the property located within the tax incremental district on the date *the district is created."* (Emphasis added) The 1979 Act further provided that the district was to be created on January 1 of the year following the year in which the ordinance became effective. The Act of 1981 uses vastly different language, lucidly demonstrating, we think, a change in the intention of the legislature.

■ Hence, under the 1979 Act, the tax increment base would be predicated upon the 1983 appraised values. However, the legislature, realizing the delays because of prior constitutional problems, drastically changed the wording and the language. The legislature decided to use the year of the *designation* of the zone to establish the year of the tax increment base—being 1982 in the instant case. Under the constitutional Act of 1981 (under which the home rule City of Beaumont zone was adopted), the Texas Solons command that the tax increment base means the "total appraised value of all taxable real property in a reinvestment zone for the year in which the zone was designated a reinvestment zone...." *Sec. 2(8).* "Designated", as mandated in the Act of 1981 and "on the date the district is created", as provided for in the unconstitutional 1979 Act, we find, have vastly different meanings.

Construing the statute as a whole and in a manner harmonizing its various provisions, we find it glaringly clear that the legislature mandated that the ordinance designating a reinvestment zone would necessarily be adopted in a year prior to the zone taking "effect on *January 1 of the year following the year* in which the *zone is approved by adoption of the ordinance* ...." *Sec. 2(8)* and *Sec. 4(g)(3)* must be read and construed sequentially. We sanguinely hold that Appellants' reliance *on the single phrase* "as provided by this Act" is not sound. Appellants' contentions, we find, are vitiated by *Sec. 4(g)(3)* of the Act

of 1981 itself. For these reasons we affirm the judgment of the court below.

Considering the original 1981 Act, it must be noted that the Act could not have taken effect except upon passage of a proposed constitutional amendment in November, 1981. *Sec. 2(a)* of the 1981 Act stated: "A reinvestment zone designated pursuant to this act *may not incur tax increments before January 1, 1982.*" (Emphasis added) This indicates the legislature realized some zones could be designated between November 1981 and January 1982, but the solons did not want 1981 to be the tax increment base year.

Additionally, *Sec. 10* of the original 1981 Act directs cities to commence collecting taxes *with the first levy after the zone takes effect.* This, forcefully, is an acknowledgement of a difference between the year of designation and the year a zone takes effect.

The legislature, in the 1983 amendments, addressed most of the questions raised by Appellants. Prior to August 29, 1983, the reinvestment zone could be designated and created by ordinance, the major requirement being a public hearing. The 1983 amendments required a city to give various notices, presentations and financial information to the other taxing entities prior to the designation and creation of the zone. In our case the zone was designated after several taxing entities had adopted fiscal year budgets based on projected property evaluations for 1983. Unfortunately, the Appellants here did not have the benefit of the 1983 amendments to allow for better financial planning. For these reasons we affirm the judgment of the court below.

WE AFFIRM.